Curia, per

O’Neall, J.
The legal right to the property in dispute is, beyond all doubt, in the plaintiff. His intestate was entitled to, but never had actual possession. After his death, Walker, the guardian of the plaintiff and his sisters, who were the distributees of the intestate, had the possession, and sold the slave; but this very clearly conferred no title to the property or possession ; for his wards, much less he, had no legal right to either. Upon the grant of administration to the plaintiff, the right of the intestate vested in him ; and his administration by relation carried that right back to the intestate’s death. So that the plain *489 tiff, the administrator, is to be regarded as entitled from the death of the intestate to the possession of the property.
The case of Vaughten vs. Elder, 2 Brev. 307, illustrates and establishes the principles which I have stated. In that case the property of the intestate, slaves and a mare, went, at his death, into the possession of the distributee, without administration. She sold the same to the defendant. After her death the plaintiff administered on the estate of the owner, demanded .the property, and brought trover for the recovery of the slaves and their increase, and the foals of the mare, (she being dead.) It was held that the administrator was entitled to recover the full value of the property, including the issue of the female slaves and the colts of the mare, born and foaled after the intestate’s death. In that case it is explicitly declared and decided, that the distributee had no interest beyond the mere equity to have the residue, after the payment of the debts, and that the legal estate was in the administrator, and overruled her sale. Speaking of the effect of administration, the court says : “At this day, the administrator represents the person of the intestate, in relation to his personal estate, which vests in him immediately on the grant of letters of administration, and such grant has relation to the time of intestate’s death.” In the case before us, the plaintiff’s right to possession being thus established at and from the death of the intestate, the only question which'remains is, when is the defendant to be regarded as converting the property % The rule very clearly is, that whenever one man uses another man’s property as his own, he has converted it to his own use. Whenever, therefore, the defendant used the slave as his own, he became answerable for the value of the property, and the hire. The demand and refusal, of itself, was evidence of a conversion from the time the defendant acquired possession. Generally, too, hire is the consequence of the use of that which belongs to another, if it be a thing, such as a slave or a horse, usually productive of hire; and if it be not, then interest is substituted on the value instead of hire. When one has a slave in possession, the legal presumption is, that the services of the slave benefit him to the value of hire; and hence it is allowed both as a compensation to the owner, *490 and as a benefit derived from another’s property by the defendant. Talbird vs. Baynard, 2 Hill, 597, is a case exactly in point. There, the defendant was the purchaser from the tenant for life, whose estate was, at the purchase, thought to be an absolute one. It was, however, held, that he was liable for hire from the death of the tenant for life, and that a demand and refusal was evidence of conversion at and from that time.
According to the views which I have stated, the plaintiff is entitled to recover the value of the property at any time from that at which it went into defendant’s possession, to the trial of the case, and the jury may give the highest value which may be proved. So, too, he is entitled to hire from the same time.
The charge of the Judge below having restricted the plaintiff’s rights in these respects, to and after the date of the grant of administration, was wrong, and led to the small verdict which was rendered.
The motion for a new trial is granted.
Richardson, Evans, Butler, Wardlaw and Frost, JJ. concurred.